Slip Op. 07 - 153

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BOND STREET, LTD, | : | |
| Plaintiff, | : | |
| v. | : | Before: **MUSGRAVE**, Senior Judge |
|  | : | Court No. 07-00226 |
| UNITED STATES, | : | |
| Defendant. | : | |

**OPINION**

[Dismissing for lack of jurisdiction without prejudice to refiling.]

Decided: October 25, 2007

*Fitch, King and Caffentzis* (*James Caffentzis*), for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Stephen C. Tosini*), for the defendant.

*Crowell & Moring LLP* (*Matthew P. Jaffe*) for proposed defendant-intervenors Gleason Industrial Products, Inc., and Precision Products, Inc.

Plaintiff Bond Street Ltd.[1] ("Bond Street"), an importer of business and travel products, initiated this action under 19 U.S.C. § 1516a (2000) to contest a final determination by the U.S. Department of Commerce, International Trade Administration, that Bond Street's "Stebco slide-flat

---

[1] Bond Street markets under the names "Bond Street," "Stebco," "Tech-Rite by Bond Street," and "Travel Rite by Bond Street." Public Admin. R. Doc. No. 1.

carts" are within the scope of the antidumping duty order on Hand Trucks from the People's Republic of China. Pl.'s June 27, 2007 Summons; *see Hand Trucks and Certain Parts Thereof from the People's Republic of China: Scope Ruling on Stebco Portable Slide-Flat Cart*, Inv. A-570-891 (May 30, 2007) Pub. Admin. R. Doc. No. 12 ("Scope Determination"). For the reasons set forth below, the court concludes that this action is premature, and will dismiss the matter for lack of jurisdiction.

## *Background*

Bond Street commenced this action by filing a summons with the Court on June 27, 2007. On July 30, 2007 (33 days later), Bond Street submitted its complaint to the Court, which was attached to a "Consent Motion for Extension of Time," wherein Bond Street sought leave from the Court to file its complaint out-of-time. Pl.'s Consent Mot. for Extension of Time. In an order dated August 1, 2007, the Court granted Bond Street's motion and ordered the Clerk of the Court to accept for filing Bond Street's untimely complaint. *See Bond Street, Ltd., v. United States*, Court No. 07-226 (CIT Aug. 1, 2007) (order granting Plaintiff's motion to file its complaint out-of-time).

On August 8, 2007, the defendant filed a motion to dismiss the current action on the ground that the Court is without jurisdiction to hear the claim. The defendant asserts that under *Georgetown Steel Corp. v. United States*, 801 F.2d 1308 (Fed. Cir. 1986), the time limits specified by 19 U.S.C. § 1516a(a)(2)(A) are jurisdictional and the plaintiff's failure to file its complaint within 30 days of filing the summons precludes the Court from acquiring jurisdiction over the matter. Def.'s Mot. to Dismiss at 2-3.

Court No. 07-00226                                                                                                         Page 3

In response to the motion to dismiss, the plaintiff asserts, *inter alia*, that the Court is indeed without jurisdiction over the matter; however, the plaintiff contends that the Court lacks subject-matter jurisdiction not because the complaint was *untimely filed*, but because the entire action is *premature*. Pl.'s Reply to Def.'s Mot. to Dismiss at 1-3. Plaintiff contends that because Commerce transmitted its decision to Bond Street via facsimile, and never sent a copy through the mail, the 30-day judicial-appeal period set forth in 19 U.S.C. § 1516a(a)(2)(A)(ii) never commenced to run. *See* 19 U.S.C. § 1516a(a)(2)(A)(ii) (2000) (providing that an interested party may commence an action in this Court by filing a summons "within thirty days after . . . the date of mailing of a determination"). The plaintiff asserts that the Court should therefore deny the defendant's motion to dismiss and instead dismiss the action as premature. Pl.'s Reply to Def.'s Mot. to Dismiss at 2-3.

The defendant does not contest the fact that Commerce did not mail the decision. Rather, the defendant asserts that, even if it were determined that Commerce's transmittal of the decision via facsimile instead of mailing was error, such error would be harmless. Reply in Support of Def.'s Mot. to Dismiss at 3.

*Discussion*

It is well established that this Court lacks jurisdiction where the complaint in an action brought under 19 U.S.C. § 1516a(a)(2)(A) is filed more than 30 days after the filing of the summons. *See Georgetown Steel*, 801 F.2d 1308; *Pistachio Group of Ass'n of Food Indus., Inc. v. United States,* 11 CIT 537, 667 F.Supp. 886 (1987) (dismissing action where plaintiffs filed a complaint 32 days after the filing of the summons). Because "section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued

Court No. 07-00226                                                                                                    Page 4

in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel,* 801 F.2d at 1312 (citing *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)).

However, it appears that the Court has never addressed the question of whether Commerce's failure to mail a scope determination to the plaintiff would render premature an action challenging that determination. Hence, the issue that must be resolved is not simply whether the Court has jurisdiction over the merits of the case, but whether this action should be dismissed as untimely filed or dismissed as premature. If untimely filed, the case must be dismissed and that is the end of it; if premature, the Court must dismiss the case without prejudice to refiling after Commerce mails a copy of the Scope Determination to the plaintiff. For the reasons set forth below, the court finds that the summons was filed prematurely, and will dismiss the case for lack of jurisdiction without prejudice to refiling.

Where it is established that the agency failed to mail a decision or mailed it to the wrong address, courts have uniformly held that the jurisdictional time period does not commence. In *Knickerbocker Liquors Corp. v. United States*, 432 F.Supp. 1347 (Ct. Cl. 1977), the U.S. Court of Claims held:

> The 180-day limitation period begins to run *not* from the date a protest is denied, but from the date the notice of denial is *mailed* to the plaintiff. Thus, until the independent, though related, obligation to mail the notice of denial is complied with by customs, the corresponding obligation imposed on the plaintiff by 28 U.S.C. [§] 2631(a)(1), to file a summons within 180 days thereafter does not attach.

*Knickerbocke*r, 432 F. Supp. at 1349 (emphasis in original) (holding further that when Customs mailed its notice of denial to Plaintiff two years after the decision was rendered, Plaintiff's summons, which was filed 6 days after the date of that mailing, was timely).

Unfortunately, few "date of mailing" cases address whether the *actual receipt* of a decision cures a defect in mailing or whether an action commenced prior to the date of mailing must be dismissed as premature. However, several cases interpreting similar statutory review periods address these questions, and those cases inform our decision in this matter.

In *Western Union Telegraph Co. v. F.C.C*, 773 F.2d 375 (D.C. Cir. 1985), the U.S. Court of Appeals for the District of Columbia ("D.C. Circuit") was faced with a question similar to that presented here. In that case, a plaintiff had filed a petition for review under 28 U.S.C. § 2344, which provided that a petition for judicial review of an agency order must be filed "within 60 days after its entry." 28 U.S.C. § 2344 (1982). "Entry" was statutorily defined as occurring on the date of publication in the Federal Register. Hence, although the order was released to the public on March 8, 1985, it was not "entered" until March 21, 1985, when it was published in the Federal Register. The D.C. Circuit held that the petition for review, which had been filed on March 15, 1985, was premature and dismissed the action for lack of jurisdiction. *Western Union*, 773 F.2d at 381.

The plaintiff in *Western Union* had argued that "it was not required to wait until commencement of the prescribed period to seek review, because the order was effective immediately

upon its release to the public on March 8 and was therefore ripe for review on that date." *Id*. at 377. However, the Court explained:

> It is not a principle of law that all agency action must be reviewable as soon as it is effective and ripe–or indeed that all agency action need be reviewable at all. Here the governing statutes provide that review is unavailable until the date the Commission gives public notice, whether or not the order becomes effective and otherwise ripe before then; and we have neither been referred to nor can conceive of any constitutional obstacle to that disposition in the circumstances of this case.

773 F.2d at 377 (citations omitted). The Court further observed that the language of the statute requiring that a petition for review be filed "within 60 days after its entry," essentially created a "window" for filing rather than a "deadline" for filing, and noted that the Court could find no relevant case where a court interpreted "functionally identical statutory time requirements for the filing of review petitions as establishing only a termination date, and not a commencement date, for judicial jurisdiction." *Id*. at 377-78 (citing, *inter alia*, *British Steel v. United States*, 6 CIT 200, 573 F.Supp. 1145 (1983)).

Indeed, this Court has interpreted the statutory time limits established for judicial review in a similar fashion. In *British Steel*, a plaintiff filed an action in this Court challenging a countervailing duty determination prior to the publication in the Federal Register of the countervailing duty order. The Court found that the action was prematurely filed and dismissed for lack of jurisdiction, holding that "under [19 U.S.C. § 1516a(a)(2)(A)(1983)] a final affirmative determination by the ITA or ITC may not be reviewed until after the publication of an *order* based upon the determination." *British Steel*, 6 CIT at 204, 573 F.Supp. at 1149 (emphasis in original).

In *Tyler v. Donovan*, 3 CIT 62, 535 F. Supp. 691 (1982), the Court addressed the commencing of a judicial-review period in a circumstance where the plaintiff had actual notice of

Court No. 07-00226                                                                                              Page 7

the agency decision by other means. In *Tyler*, a plaintiff sought review of a decision of the Secretary of Labor dismissing his application for reconsideration for worker adjustment assistance. In dismissing the application, the Secretary of Labor sent the plaintiff a letter notifying him that his claim had been denied and that he had 60 days to appeal the decision to this Court. The plaintiff did so, but filed the summons and complaint 82 days after the letter was mailed.

The Court found that the plaintiff's summons and complaint were not untimely filed because "the Secretary of Labor failed to comply with the applicable statute and regulations for the commencement of the statutory sixty-day period," which required publication of the decision in the Federal Register. *Tyler*, 3 CIT at 62, 535 F. Supp. at 693. As to the plaintiff's actual knowledge of the decision, the Court found that the letter received by the plaintiff served only as "the Secretary of Labor's informal method of informing plaintiff of his final determination . . .[t]he letter does not serve as the notice required by the statute and implementing regulations." *Tyler*, 3 CIT at 66, 535 F.Supp. at 694.

Although the action before the court does not involve a publication requirement, section 1516a(a)(2)(A)(ii), much like the statutes discussed above, clearly indicates a specific triggering event to commence the 30-day period for seeking judicial review. Instead of date of publication in the Federal Register, the statute specifies that a party may seek judicial review of a scope determination "[w]ithin thirty days after the date of mailing of a determination." 19 U.S.C. § 1516a(a)(2)(A)(ii).

It is undisputed that the Scope Determination was never mailed to Bond Street. Further, the defendant has not provided, and the court is unable to find, support for the notion that the mailing

Court No. 07-00226 Page 8

and faxing of papers can reasonably be seen as equivalent, either at the administrative or judicial level. *See Group Italglass U.S.A., Inc., v. United States*, 17 CIT 1205, 1210, 839 F. Supp. 868, 872 (1993) (observing that "[d]espite widespread and increasing use of telephonic facsimile communications technology in industry, courts have either shunned the filing or service of papers by fax or have restricted the use of fax to situations where the parties consent or to other limited specified circumstances."); *RFR Industries, Inc. v. Century Steps, Inc.* 477 F.3d 1348, 1351 -1352 (Fed. Cir. 2007) (holding that answer was not properly served on the opposing party via fax because the opposing party had never consented to service of process via fax (applying law of the Fifth Circuit)).

Moreover, the court cannot agree with the defendant's contention that Commerce's failure to mail the decision was "a mere procedural error for which Bond Street must demonstrate actual 'substantial prejudice' before obtaining any benefit." Reply in Support of Def.'s Mot. to Dismiss at 3. None of the cases cited by the defendant support the notion that a harmless error analysis is appropriate within the context of determining the jurisdiction of the Court. Because a judicial review period is "jurisdictional in nature and may not be enlarged or altered by the courts," *Natural Resources Defense Council v. N.R.C.*, 666 F.2d 595, 602 (D.C. Cir. 1981), the question of prejudicial error simply does not apply. Accordingly, the court will deny the defendant's motion to dismiss, and dismiss the action without prejudice to refiling.

Also before the court is a motion to intervene as a matter of right on behalf of Gleason Industrial Products, Inc, ("Gleason") and Precision Products, Inc. ("Precision") (collectively "proposed defendant-intervenors"). August, 30, 2007 Mot. of Applicant Def.-Intervenors Gleason

Court No. 07-00226 Page 9

Industrial Products, Inc., and Precision Products, Inc., to Intervene as of Right.  Because of the "fundamental principle that intervention cannot cure a jurisdictional defect in the original suit," dismissal of the motion to intervene is required as well.  *Nucor Corp. v. United States*, Slip Op. 07-144 at 15 (Sept. 26; 2007) (*citing United States ex rel. Tex. Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64 (1914) and *Simmons v. Interstate Commerce Comm'n*, 716 F.2d 40 (D.C. Cir.1983)).

### *Conclusion*

The court will dismiss without prejudice to refiling the current action as prematurely filed. The defendant's motion to dismiss, and the proposed intervenors' motion to intervene as of right will be dismissed as moot.

          /s/  R. Kenton Musgrave
      R. KENTON MUSGRAVE, SENIOR JUDGE

Dated: October 25, 2007
       New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BOND STREET, LTD, | : |
| Plaintiff, | : |
| v. | : Before: **MUSGRAVE, Senior Judge** |
|  | : Court No. 07-00226 |
| UNITED STATES, | : |
| Defendant. | : |

### JUDGMENT

This action having been submitted for decision, and the Court, after due deliberation and consideration of all papers and proceedings, having rendered a decision herein; now, therefore in conformity with said decision, it is hereby

**ORDERED, ADJUDGED AND DECREED** that this action, be, and hereby is, dismissed as premature without prejudice; it is further

**ORDERED** that the defendant's August 8, 2007 motion to dismiss, being rendered moot, be, and hereby is, dismissed; it is further

**ORDERED** that proposed defendant-intervenors August 30, 2007 motion to intervene, being rendered moot, be, and hereby is, dismissed.

                                                           /s/  R. Kenton Musgrave
                                                  R. KENTON MUSGRAVE, SENIOR JUDGE

Dated: October 25, 2007
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____  By: _____
                                       Deputy Clerk